```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

WILLIAM FRANK KIRKLAND,

    Plaintiff,
v.                                                       Case No.  8:06-cv-1608-T-33TBM

PHOENIX FABRICATING LLC d/b/a
North American Attachments,

   Defendant/Third-Party Plaintiff,
v.

C&J EQUIPMENT SALES, INC.,

    Third-Party Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to third-party Defendant, C&J Equipment Sales, Inc.'s motion for summary judgment (Doc. # 153), which was filed on August 18, 2008.  On September 2, 2008, third-party Plaintiff Phoenix Fabricating LLC d/b/a North American Attachments (hereafter "NAA") filed its response in opposition to C&J's motion for summary judgment. (Doc. # 165).  For the reasons that follow, this Court grants the motion for summary judgment.

**I.  Factual Background**

This is a products liability case.  On January 30, 2005, Plaintiff William Kirkland was injured while using his tractor with a front end loader and NAA grapple rake attached.  Specifically, while Kirkland was operating the abovementioned equipment, the grapple rake became dis-attached from the front end loader while it

was raised up in the air, and the grapple rake fell back upon Kirkland while he was seated in the operator's compartment of the tractor.

Kirkland sustained personal injuries, and on August 31, 2006, he filed a complaint sounding in negligence and strict liability against Alamo Group, Inc., the manufacturer of the front end loader as well as against NAA, the manufacturer of the grapple rake. (Doc. # 1).  On January 24, 2007, Kirkland filed his first amended complaint which added Alamo Group (SMC), Inc. as a Defendant. (Doc. # 24).

On June 8, 2007, NAA filed its third party complaint against C&J. (Doc. # 30).  NAA's third party complaint alleges that Kirkland purchased the tractor and front end loader at C&J's retail facility, and that C&J's alleged negligence caused Kirkland's injuries, at least in part.  Particularly, NAA advances two theories of negligence against C&J in the third party complaint: (1) that C&J failed to use reasonable care by negligently installing the front end loader onto the tractor because the tractor was not equipped with a falling object protective structure ("FOPS"); and (2) that C&J breached a duty to warn Kirkland of certain hazards at the time of Kirkland's purchase of the equipment, specifically that "skid steer compatible attachments are only designed and manufactured to be compatible with actual skid steers, and would not necessarily be compatible with a tractor such

as the Kioti tractor and its Rhino DK35 front end loader." (Doc. # 30 at ¶¶ 12-14).

On September 10, 2007, Kirkland filed his second amended complaint, which is the operative complaint. (Doc. # 67). In the second amended complaint, Kirkland added Daedong-USA, Inc. (the manufacturer of the tractor) as a Defendant. Kirkland alleged that Daedong negligently designed and manufactured the tractor because Daedong failed to incorporate a FOPS canopy and/or failed to warn Kirkland that the tractor should not be used in conjunction with a front end loader unless a FOPS was installed. However, since the filing of the amended complaint, Kirkland voluntarily dismissed from this lawsuit Defendants Alamo Group, Inc., Alamo Group (SMC), Inc., and Daedong, the manufacturers of the tractor and the front end loader. (Doc. ## 86, 193). Kirkland's suit against NAA, the manufacturer of the grapple rake, remains pending.

On September 20, 2007, NAA filed its answer and affirmative defenses to Kirkland's second amended complaint. (Doc. # 69). Likewise, on July 26, 2007, C&J filed its answer and affirmative defenses to NAA's third party complaint. (Doc. # 57).

On August 18, 2008, C&J filed its motion for summary judgment (Doc. # 153). On September 2, 2008, NAA filed its response in opposition to C&J's motion for summary judgment. (Doc. # 165).

By its motion for summary judgment, C&J asserts that "there are no facts supporting" NAA's allegations regarding "liability or

causation" as stated in the third party complaint. (Doc. # 153 at 2). C&J asserts that it cannot be held liable for injuries linked to the grapple rake because C&J, a retail establishment, did not sell the grapple rake to Kirkland. Kirkland did purchase the tractor and front end loader from C&J, but Kirkland has not filed his complaint against C&J, and the manufacturers of the tractor and the front end loader have been dismissed from this suit. On this point, C&J explains: "It is undisputed that [Kirkland] contacted [NAA] directly and that [NAA] sold and delivered the grapple rake directly to [Kirkland], who then attached the grapple rake to his tractor. C&J Equipment Sales, Inc. did not manufacture, design, or sell the grapple rake involved in this accident and was not the retailer, wholesaler, nor distributor of the grapple rake; the economic transaction was exclusively between [Kirkland] and [NAA]." (Doc. # 153 at 4-5).

NAA, on the other hand, asserts that summary judgment is not appropriate because C&J contributed to Kirkland's injuries. NAA classifies its third party complaint as one for contribution (as opposed to one for indemnification or subrogation). Further, NAA concedes that "[t]he claims NAA makes against C&J are completely independent of the claims [Kirkland] made against NAA." (Doc. # 165 at 3).

This Court will address the parties' contentions within the context of Rules 14 and 56 of the Federal Rules of Civil Procedure.

4

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions,

answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).  If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment.  Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).  However, if non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

**III. Analysis**

The threshold issue that this Court must determine is whether NAA's third party claims against C&J are valid.  Rule 14 of the Federal Rules of Civil Procedure states in pertinent part, "A defending party may, as third-party plaintiff, serve a summons and

6

complaint on a nonparty who is or may be *liable to it* for all or part of the claim *against it*." Rule 14(a)(1), Fed.R.Civ.P.

The Fifth Circuit explained this limitation on the impleader rules in <u>United States v. Joe Grasso & Son, Inc.</u>, 380 F.2d 749, 751 (5th Cir. 1967), as follows:

> An entirely separate and independent claim cannot be maintained against a third party under Rule 14 even though it does rise out of the same general set of facts as the main claim. The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be "liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff." Stating the same principle in different words, other authorities declare that the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.

<u>Id.</u> at 751-752.

Furthermore, leading commentators have noted that:

> An impleader claim is proper only to assert that the third-party defendant is liable *to the party impleading it (usually the defendant)*. Despite the clear language of the impleader rule on this point, some defendants continue to attempt to implead a third party on the basis of the third-party defendant's direct liability to the *plaintiff*. The courts properly reject such attempts and limit impleader to those parties who are derivatively liable to the defendant.

3 James Wm. Et al., <u>Moore's Federal Practice</u> ¶ 14.04[1] (3d ed. 2002).

Here, Kirkland sues NAA for personal injuries stemming from Kirkland's purchase of a grapple rake from NAA. NAA brought C&J into this suit based on C&J's involvement with the tractor and the front end loader (not the grapple rake). C&J is simply not a proper third party defendant because C&J was not involved in any way with the grapple rake. This Court refuses to expand third party practice rules upon NAA's request. This court grants C&J's motion for summary judgment and dismisses C&J from this lawsuit. Therefore, an examination of NAA's arguments concerning the differing expert opinions on safety standards and FOPS is not necessary.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Third-party Defendant, C&J Equipment Sales, Inc.'s motion for summary judgment (Doc. # 153) is **GRANTED**.

(2) The Clerk is directed to dismiss C&J Equipment Sales, Inc. from this suit.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of January 2009.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record